Foulkes v Dubin (2016 NY Slip Op 05790)





Foulkes v Dubin


2016 NY Slip Op 05790


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2015-08538
 (Index No. 243/12)

[*1]Jane Marie Foulkes, appellant, 
v
Dorothy S. Dubin, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Richard T. Lau, Jericho, NY (Kathleen E. Fioretti of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), entered July 7, 2015, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court